MEMORANDUM *
1. The district court erred by-granting summary judgment for Burlington on the ground that it had no duty to defend (and thus, a fortiori, no duty to indemnify).
Burlington received both Martinez’s complaint and the police report (which included multiple witness statements) before it denied coverage. Martinez’s complaint alleged that he had been injured as a result of an assault by Crazy Horse security guards, allegations that appeared to bring Martinez’s injuries within the policy’s assault-or-battery exclusion. (The exclusion precludes coverage for injuries “[ajrising out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.”) But the police report and attached witness statements also contained facts indicating that Martinez’s injuries might have been caused by events that would not fall within the assault-or-battery exclusion. Those extrinsic facts, which Burlington was obligated to consider in making its coverage decision, triggered a duty to defend because they “reveal[ed] a possibility that the claim may be covered by the policy.” Montrose Chem. Corp. of Cal. v. Superior Court, 6 Cal.4th 287, 24 Cal.Rptr.2d 467, 861 P.2d 1153, 1157 (1993).
Specifically, some of the witness statements provided to Burlington stated that Martinez was injured when he tried to sit down on a stool, lost his footing, and hit his head on the wall. That version of events would not fall within the exclusion unless Martinez’s fall “ar[ose] out of assault or battery, or out of any act or omission in connection with the prevention or suppression of an assault or battery.” Some of the witness statements indicated that, before being escorted out of the club, Martinez may have assaulted a female patron on the dance floor. If true, this incident could render the exclusion applicable even if Martinez had been injured by the fall from the stool. But other witness statements contain no indications of any such assault. If it proved true that no assault or battery occurred, and Martinez’s injuries were in fact caused by the fall from the stool, the assault-or-battery exclusion would not apply. Thus, the extrinsic facts available to Burlington indicated the potential for coverage, which is all that was necessary to trigger its duty to defend. Gray v. Zurich Ins. Co., 65 Cal.2d 263, 54 Cal.Rptr. 104, 419 P.2d 168, 176 (1966).
We recognize that extrinsic facts cannot trigger a duty to defend when they relate only to claims that have not been pleaded in the third-party claimant’s complaint. That was true in all of the cases on which Burlington relies. See, e.g., Microtec Research, Inc. v. Nationwide Mut. Ins. Co., 40 F.3d 968, 970-71 (9th Cir.1994); Storek v. Fid. & Guar. Ins. Underwriters, Inc., 504 F.Supp.2d 803, 808, 811 (N.D.Cal.2007); Ulta Salon, Cosmetics & Fragrance, Inc. v. Travelers Prop. Cas. Co. of Am., 197 Cal.App.4th 424, 127 Cal.Rptr.3d 444, 449 (2011); Gunderson v. Fire Ins. Exch., 37 Cal.App.4th 1106, 44 Cal.Rptr.2d 272, 277-78 (1995). But here the extrinsic facts at issue do relate to a claim pleaded in Martinez’s complaint — namely, his neg *641 ligence claim. Although as originally pleaded Martinez’s negligence claim was predicated on the theory that he had been assaulted, the extrinsic facts available to Burlington revealed the possibility that Martinez could amend his negligence claim to allege theories of liability that would fall outside the assault-or-battery exclusion. Under well-settled California law, that possibility was enough to trigger Burlington’s duty to defend. See Montrose, 24 Cal.Rptr.2d 467, 861 P.2d at 1160; Gray, 54 Cal.Rptr. 104, 419 P.2d at 176-77.
2. Even if, as we hold, Burlington had a duty to defend, it may still prevail if it can establish that it owes no duty to indemnify. Burlington has a duty to indemnify only if the state court judgment entered against Crazy Horse rests on a liability within the policy’s coverage. See Hogan v. Midland Nat’l Ins. Co., 3 Cal.3d 553, 91 Cal.Rptr. 153, 476 P.2d 825, 832-33 (1970). The state court judgment is predicated on Crazy Horse’s negligence in preventing Martinez’s fall from the stool, not on the theory that Martinez was assaulted or battered by Crazy Horse’s security guards. Thus, the state court judgment on its face precludes any finding that Martinez’s injuries “ar[ose] out of assault or battery” within the meaning of the first clause of the exclusion. Burlington nonetheless argues that the state court judgment is covered by the second clause of the assault-or-battery exclusion, thereby relieving it of any duty to indemnify.
Material factual disputes preclude granting summary judgment to Burlington on this ground. The state court judgment did not resolve whether Martinez’s fall from the stool “ar[ose] ... out of any act or omission in connection with the prevention or suppression of an assault or battery” within the meaning of the second clause of the exclusion. As noted above, resolution of that issue turns on whether Martinez did or did not assault a female patron on the dance floor before being escorted out of the club — an issue the state court judgment does not address at all, since it was irrelevant to determining whether Crazy Horse was negligent in preventing Martinez’s fall from the stool. Accordingly, the state court judgment has not expressly or impliedly resolved a material factual dispute related to coverage, rendering summary judgment for Burlington improper. See id. at 833.
REVERSED and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.